THE ATTORNEY GENERAL
OF TEXAS



December 12, 1963

Hon. C. H. Cavness                    Opinion No. C- 193
State Auditor
Austin, Texas                         Re: Can public liability
                                          insurance coverage be
                                          carried on operations
                                          of housing facilities
                                          of Texas State Educa-
                                          tional Institutions
                                          financed by Housing
Dear Mr. Cavness:                         and Home Finance Agency

        You have requested our opinion as to whether public
liability insurance can be carried on operations of housing
facilities of Texas State Educational Institutions financed
by the House and Home Finance Agency under Title IV of the
Housing Act of 1950 (Public Law 475, 81st Congress, as amended).
You state that public liability insurance coverage is a part
of the terms and conditions of such loan agreements, and has
prompted this opinion request. We also observe that such terms
and conditions also include therein fire and extended coverage,
boiler insurance, and use and occupancy insurance.

        The question of whether the several State agencies
are authorized to carry various types of insurance has been
construed on numerous past occasions by this office. These
opinions hold that State warrants may not be issued for the
payment of an insurance premium in the absence of a specific
appropriation for that purpose. These holdings have also been
influenced by the legislative directive found in Senate Concur-
rent Resolution No. 3, 37th Leg., 2nd Called Session, 1921,
wherein it is stated that no insurance policy shall be taken
out upon any of the public buildings and contents thereof. As
there is no specific appropriation for the payment of liability
insurance premiums in this instance, no payment for such an ex-
pense is authorized. Your attention is directed to the enclosed
Attorney General's Opinions Nos. 0-1100, 0-1762, 0-5790, 0-184,
0-3000, 0-2130 and 0-5824 in this connection.

It must also be pointed out that there is an even more important reason why there is no authorization for securing liability insurance coverage. Broadly speaking, liability insurance protects the insured against judgments obtained against such insured for damages caused by it or its agent. It is well established that the State cannot be sued without its consent, and further that the State is not liable for the torts of its officers, agents, or employees acting in a governmental function. Fonseca v. State, 297 S.W.2d 199, (Tex.Civ. App. 1956) and cases there cited.

It is, therefore, our opinion that Texas State Educational Institutions are not authorized to carry public liability insurance on their housing facilities.

### S U M M A R Y

Public liability insurance coverage cannot be carried on operations of housing facilities of Texas State Educational Institutions.

Very truly yours,

WAGGONER CARR
Attorney General

By: Paul Phy
Paul Phy
Assistant

PP:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Joe R. Long
Frank Booth
Malcolm Quick
Paul Robertson

APPROVED FOR THE ATTORNEY GENERAL
BY: Albert P. Jones